T.C. Summary Opinion 2015-17


UNITED STATES TAX COURT


RUTH A. LOBS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13784-13S.                    Filed March 3, 2015.


Ruth A. Lobs, pro se.

<u>Lynn M. Barrett</u>, for respondent.


SUMMARY OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2010 of $1,925.

After concessions by petitioner,[2] the sole issue for decision is whether petitioner received unreported interest income of $7,640 from the redemption of U.S. savings bonds in 2010. We hold that she did.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Florida at the time that the petition was filed.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2010, the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner concedes that she received but failed to report $65 in interest income in 2010 from Navy Federal Credit Union. In addition, petitioner concedes that she overreported the amount of tax withheld for 2010 by $54.

Petitioner was formerly married to Warren Lobs (Mr. Lobs). The couple married in 1972 and divorced in 1995. During their marriage Mr. Lobs purchased series EE U.S. savings bonds (allotment bonds) on a regular basis pursuant to a payroll savings plan sponsored by his employer.

At some point in their marriage, petitioner and Mr. Lobs adopted a child, Joseph, who was born in 1987. Shortly before Joseph was born, petitioner's mother passed away, and petitioner received an inheritance. A portion of what she received was deposited into a joint share account that she and Mr. Lobs maintained at Navy Federal Credit Union.

In November 1992, when Joseph was five years old, petitioner decided that what remained of her inheritance should be set aside for his future benefit. Accordingly, she asked Mr. Lobs to purchase series EE U.S. savings bonds for that purpose.

In mid-November 1992 Mr. Lobs went to Navy Federal Credit Union, withdrew $5,000 from the couple's joint account, and used that amount to purchase ten $1,000 series EE U.S. savings bonds ($1,000 bonds).[3] Each such bond was registered in the name of Mr. Lobs "or" petitioner and reflected Mr.

---

[3] At that time series EE U.S. savings bonds were purchased for one-half of their face value. See 31 C.F.R. secs. 353.30, 351.40 (2010). Thus, each $1,000 bond was purchased for $500.

Lobs' taxpayer identification number.[4]  When Mr. Lobs returned home with the bonds, they were placed in the couple's fireproof safe.

In 1995, when petitioner and Mr. Lobs divorced, they divided the allotment bonds equally.  In contrast, they agreed that petitioner would retain possession of the $1,000 bonds, regarding them as "Joe's bonds" and intending that Joseph should receive the proceeds upon redemption.

In September 2010, when Joseph was 24 years old and in need of funds, petitioner redeemed the $1,000 bonds at Navy Federal Credit Union by endorsing each bond and furnishing her taxpayer identification number.  The proceeds, $12,640, were then deposited into her share account.  Immediately thereafter, at petitioner's direction, the credit union issued a cashier's check in Joseph's name for the same amount.  The check was negotiated by Joseph, and the proceeds were used by him.

---

[4] See 31 C.F.R. sec. 353.7 (regarding authorized forms of registration).  A bond may be registered in the names of two individuals only "in the alternative", i.e., using the conjunctive "or" and specifically not "and".  Id. sec. 353.7(a)(2).  Further, such a bond need only include the taxpayer identification number of the first-named coowner.  Id. sec. 353.5(b); see id. sec. 353.7(a)(2).

Petitioner timely filed a Federal income tax return for 2010 but did not report any interest from the redemption of the $1,000 bonds.[5]

In April 2013 respondent mailed petitioner a notice of deficiency determining that she had failed to report $7,640 of interest income from the redemption of the $1,000 bonds. Petitioner timely filed a petition alleging that the bonds belonged to her son and not to her and therefore that interest on them was not properly taxable to her.

## Discussion

The Court decides the issue in this case on the basis of the evidence and without regard to either the burden of production, see sec. 6201(d); Del Monico v. Commissioner, T.C. Memo. 2004-92, or the burden of proof, see Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636; cf. sec. 7491(a).

Generally, interest received by the taxpayer constitutes gross income and is fully taxable. Sec. 61(a)(4); sec. 1.61-7(a), Income Tax Regs. (providing in general that interest received by or credited to a taxpayer constitutes gross income to the taxpayer). In particular, interest on U.S. obligations, such as U.S. savings

---

[5] Respondent asserts that Joseph did not report such interest either, but Joseph's 2010 return (assuming that one was filed) was not offered into evidence at trial.

bonds, issued on or after March 1, 1941, is fully taxable. Sec. 1.61-7(b)(3), Income Tax Regs.[6]

Registration of series EE U.S. savings bonds is generally conclusive of actual ownership of, and interest in, such bonds. 31 C.F.R. sec. 353.5(a) (2010).[7] Generally, savings bonds are not transferable and are payable only to the owner(s) named on the bonds. Id. sec. 353.15; see id. sec. 353.35(a). Savings bonds registered in coownership form will be paid to either coowner upon request of the coowner and surrender of the bonds. Id. sec. 353.37; see id. sec. 353.39.

The parties agree that petitioner endorsed and redeemed the $1,000 bonds in 2010. The parties further agree that the proceeds from those bonds were deposited into petitioner's share account at Navy Federal Credit Union but that she did not report the interest in respect of those bonds on her tax return for that year. Petitioner contends that such interest is not taxable to her because the $1,000

---

[6] There is nothing in the record to suggest that petitioner made an election to report interest income for any other tax year. See generally sec. 454.

[7] See 31 C.F.R. sec. 353.49 (providing that a Series EE U.S. Savings Bond may be reissued to correct an error in the registration "upon appropriate request supported by satisfactory proof of the error"). Petitioner never attempted to have the $1,000 bonds reissued in (or to include) Joseph's name on the basis of any error in their registration. See also id. sec. 353.47(b) (regarding the reissuance of a bond during the lifetime of both coowners). Again, petitioner never attempted to have the $1,000 bonds reissued in (or to include) Joseph's name.

bonds were purchased for the benefit of her son, Joseph, and should have been registered differently from the way they were.

The fact that the $1,000 bonds *could* have been registered in some other manner is of no moment. As the U.S. Supreme Court instructs, we give effect to what *actually* happened and not what *might* have happened. Don E. Williams Co. v. Commissioner, 429 U.S. 569, 579 (1977) (citing Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974)). In other words, what is determinative is that petitioner was a registered coowner of the bonds who was entitled to receive, and did *in fact* receive, the proceeds of the bonds upon their endorsement and surrender.

Petitioner may very well have regarded the $1,000 bonds as "Joe's bonds", as demonstrated by her instruction to the credit union to issue a cashier's check to Joseph upon the redemption of the bonds. However, such instruction underscored the fact, as stated above, that petitioner was the person who was entitled to receive, and did in fact receive, the bond proceeds. In other words, such instruction gave rise to a *postredemption* gift by petitioner to Joseph of cash equal to the amount of the bond proceeds; it was *not* indicative of any ownership interest of Joseph in the bonds themselves.

In conclusion, the Court holds that petitioner received unreported interest income of $7,640 in 2010 from the redemption of the $1,000 bonds.

To give effect to our disposition of the disputed issue, as well as petitioner's concessions,

<u>Decision will be entered for</u>

<u>respondent</u>.